UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEFFREY JASON COOPER,

Petitioner,

v. Case No: 5:25-cv-430-JSS-PRL

WARDEN, FCC COLEMAN - LOW,

Respondent.
___________________________________/

**ORDER**

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 4.) He claims that he is entitled to apply time credits to reduce his sentence under the First Step Act (FSA). (*Id.* at 6, 8.) Respondent contends that Petitioner is ineligible to apply FSA time credits because he was convicted of a disqualifying offense. (Dkt. 7 at 1–2, 8.) In reply, Petitioner contends that the section of the FSA that disqualifies inmates convicted of enumerated offenses from applying time credits is unconstitutional. (Dkt. 9 at 2–5.) An evidentiary hearing is unnecessary because Petitioner's claim requires no further factual development. *See Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003). For the reasons outlined below, the amended petition for a writ of habeas corpus is denied.

Habeas corpus is the "exclusive remedy" for prisoners seeking "'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). A § 2241 petition furnishes a

basis to challenge the execution, rather than the validity, of the sentence. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1089 (11th Cir. 2017) (en banc) (citations omitted). Petitioner claims entitlement to FSA time credits that would result in a shortened sentence. (*See* Dkt. 4.) Therefore, his claim is properly brought under § 2241.

Before seeking relief under § 2241, an inmate must exhaust all available administrative remedies. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Respondent argues that Petitioner did not exhaust his administrative remedies. (Dkt. 7 at 3–7.) Exhaustion is not a jurisdictional requirement. *Santiago-Lugo*, 785 F.3d at 475. Although a "court[] may [not] disregard a failure to exhaust and grant relief on the merits[,]" a court may deny "the petition on the merits without reaching the exhaustion question." *Id.* (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987)). Because the amended petition is meritless, the exhaustion requirement is not discussed.

Under the FSA, eligible federal prisoners may earn and apply time credits "toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (C); 28 C.F.R. § 523.44(b). A prisoner convicted of an enumerated offense is ineligible to apply time credits. 18 U.S.C. § 3632(d)(4)(C) (stating that only eligible prisoners can apply time credits); 18 U.S.C. § 3632(d)(4)(D) (enumerating offenses that render a prisoner ineligible to apply time credits). A prisoner who is serving a sentence for a conviction "under chapter 77, relating to peonage, slavery, and trafficking in persons,

except for sections 1593 through 1596[]" is ineligible to apply time credits to their sentence. 18 U.S.C. § 3632(d)(4)(D)(xxvii).

Petitioner is serving a 360-month sentence at Coleman Federal Correctional Complex for three counts of wire fraud, one count of using a facility in interstate commerce and performing an act to promote unlawful activity, one count of importation of an alien for an immoral purpose, two counts of sex trafficking by fraud, and three counts of attempted sex trafficking by fraud. (Dkt. 7-1 at 1–2.) Because Petitioner is serving a sentence for sex trafficking by fraud under 18 U.S.C. § 1591(a)(1), (b)(1), part of chapter 77, he is ineligible to apply time credits to his sentence under the FSA. *See Mersier v. United States*, No. 21-CR-60094-ALTMAN, 2026 WL 1615319, at *7 (S.D. Fla. June 5, 2026) (petitioner who pleaded guilty to "sex trafficking of a minor in violation of 18 U.S.C. § 1591" was ineligible to apply time credits to his sentence under the FSA); *United States v. Pemberton*, No. 8:16-CR-275-VMC-JSS, 2023 WL 2771476, at *1 (M.D. Fla. Apr. 4, 2023) (Petitioner was "statutorily excluded from earning credits[]" when he was convicted "for sex trafficking of a minor under 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(2), and (c), all of which fall under Chapter 77 and are not included in the exceptions under 18 USC § 3632(4)(d)(xxvii) [sic].").

Regarding the constitutionality of the FSA, Petitioner first argues that depriving him of FSA time credits based on his offense of conviction amounts to a "grossly disproportionate punishment" in violation of the Eighth Amendment. (Dkt. 9 at 2.) "The Eighth Amendment, which forbids cruel and unusual punishments, contains a

narrow proportionality principle that applies to noncapital sentences." *United States v. Lyons*, 403 F.3d 1248, 1256 (11th Cir. 2005) (emphasis and citations omitted); *accord Solem v. Helm*, 463 U.S. 277, 288 (1983) ("the Eighth Amendment proscribes grossly disproportionate punishments" (citations omitted)). The proportionality principle "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *United States v. Farley*, 607 F.3d 1294, 1341 (11th Cir. 2010) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)). The Eleventh Circuit has "never found a non-capital sentence of an adult to violate the Eighth Amendment." *United States v. Ford*, No. 25-11065, 2026 WL 94288, at *3 (11th Cir. Jan. 13, 2026) (citing *United States v. Bowers*, 811 F.3d 412, 432 (11th Cir. 2016)).

Contrary to Petitioner's contention, the Bureau of Prison's adherence to the FSA's directive to exclude Petitioner from the time credit program does not extend Petitioner's sentence or impose a punishment. (Dkt. 9 at 2.) Petitioner is only required to serve the lawful sentence that the federal court of conviction imposed. Because Petitioner does not contest the legality of his sentence and does not provide any support for his position that the proportionality principle applies to the deprivation of statutory sentence credits, the proportionality principle is not applicable here. *See Lyons*, 403 F.3d at 1256. Consequently, withholding time credits to which Petitioner is not entitled does not amount to cruel and unusual punishment in violation of the Eighth Amendment.

Second, Petitioner argues that § 3632(d)(4)(D) violates the Equal Protection Clause by unreasonably treating similarly situated inmates different based on the

offense for which they were convicted. (Dkt. 9 at 2.) Petitioner does not argue that he is a member of a protected class, but rather, argues that he is discriminated against based on his crime of conviction. (*Id.* at 2.) Consequently, the statute at issue is subject to rational basis review. *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (observing that "prisoners are not a suspect class[]"); *Sharma v. Peters*, 756 F. Supp. 3d 1271, 1279 (M.D. Ala. 2024). Under rational basis review, a statute "cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe by Doe*, 509 U.S. 312, 319–20 (1993) (citations omitted).

On rational basis review, the government "has no obligation to produce evidence to sustain the rationality of a statutory classification[,]" but rather, "[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it[.]" *Id.* at 320 (citations omitted). "[R]ational-basis review in [an] equal protection analysis 'is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.'" *Id.* at 319 (citations omitted). "[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." *Id.* (citations omitted). In addition, "proof of discriminatory intent or purpose is a necessary prerequisite to any Equal Protection Clause claim." *Parks v. City of Warner Robins, Ga.*, 43 F.3d 609, 616 (11th Cir. 1995) (*Hernandez v. New York*, 500 U.S. 352, 359–60 (1991)).

Petitioner does not put forth any evidence to demonstrate that Congress was motivated by a discriminatory intent when it enacted the FSA, let alone evidence that

is sufficient to overcome the "presumption of legislative good faith." *Abbott v. Perez*, 585 U.S. 579, 605 (2018). There is nothing inherently unconstitutional about singling out certain prisoners for exclusion from sentence credits based on the crime for which they are serving a sentence. *See cf.*, *United States v. Green*, 152 F.4th 1239, 1244 (11th Cir. 2025) (Congress had a reasonable basis in "single[ing] out 'offenses of a certain level of seriousness'" for sentence enhancements when enacting the Armed Career Criminal Act). Congress has a legitimate interest in protecting public safety, deterring future criminal conduct, and ensuring those who commit the most heinous crimes serve their entire sentence; and those interests are rationally related to treating prisoners convicted of serious offenses—making threats against or harming the president,[1] slavery,[2] trafficking,[3] genocide,[4] and sexual abuse or exploitation of children,[5] among others—differently than prisoners who have been convicted of less serious offenses. *See Hassan v. Wingfield*, No. 24-6785, 2026 WL 74508, at *1 (9th Cir. Jan. 9, 2026) ("The FSA time credit exclusions are rationally related to ensuring that those who commit the most serious offenses serve their complete sentences." (citing *United States v. Sharma*, 119 F.4th 1141, 1144 (9th Cir. 2024))); *Fontanez v. Rardin*, No. 24-1421, 2025 WL 1383403, at *2 (6th Cir. Jan. 28, 2025) ("the government has a legitimate interest in excluding certain offenses that it considers more serious than

---

[1] 18 U.S.C. § 3632(d)(4)(D)(xx), (xxviii).
[2] 18 U.S.C. § 3632(d)(4)(D)(xxvii).
[3] 18 U.S.C. § 3632(d)(4)(D)(xxvii).
[4] 18 U.S.C. § 3632(d)(4)(D)(xxiv).
[5] 18 U.S.C. § 3632(d)(4)(D)(xxxix), (xl), (xli), (xlii), (xliii).

others from earned time credits[]" (citing *Heller*, 509 U.S. at 321)); *Sedlacek v. Rardin*, No. 24-1254, 2025 WL 948485, at *2 (6th Cir. Jan. 21, 2025) ("the exclusion of prisoners with certain convictions from earning time credits does not violate the Equal Protection Clause[]" because "the government has a legitimate interest in excluding certain offenses from earned-time credits under the FSA, including 'the need to protect society, and the need to deter future criminal conduct.'" (citation omitted)); *Pisciotta v. Warden Fort Dix FCI*, No. 24-1986, 2024 WL 5040035, at *2 (3d Cir. Dec. 9, 2024) ("Congress['] cho[ice] to exempt certain serious crimes from the [FSA]'s benefit[]" "cannot be said to lack a rational basis" (citations omitted)); *Odeh v. Warden, FCC Coleman-USP I*, No. 5:23-CV-590-JLB-PRL, 2025 WL 1029404, at *3 (M.D. Fla. Apr. 7, 2025) ("the FSA's exclusion of certain offenses from consideration for time credits does not violate the Equal Protection Clause[]" (citation omitted)); *United States v. Powell*, No. 2:11-cr-205, 2023 WL 5489030, at *5 (E.D. Va. Aug. 24, 2023) ("there is a clear rational basis for treating persons who have been convicted of the excluded offenses differently than persons who have been convicted of other offenses[]" because "[t]he excluded offenses[] . . . []are some of the most serious crimes punishable under federal law[]"). Thus, Petitioner's conviction for trafficking provides a rational basis for his exclusion from the FSA time credit program, and his right to equal protection has not been violated.

Third, Petitioner argues that depriving him of earned FSA time credits, to which he claims he is statutorily entitled, is a violation of his due process right. (Dkt. 9 at 3–4.) "[T]o establish a violation of the Due Process Clause, a petitioner must have been

deprived of a liberty . . . interest protected under the Fifth Amendment." *Cook v. Wiley*, 208 F.3d 1314, 1322 (11th Cir. 2000). "A prisoner has 'no constitutional or inherent right' in being released before the completion of a valid sentence." *Id.* (quoting *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979)). A federal statute can create a protected liberty interest when it contains mandatory language creating an "expectancy of release." *Greenholtz*, 442 U.S. at 12.

Before time credits may be applied under the FSA, an inmate must be eligible to apply them. *See* 18 U.S.C. § 3632(d)(4)(A) ("In general[,] [] [a] prisoner, *except for an ineligible prisoner* under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits") (emphasis added); 18 U.S.C. § 3632(d)(4)(D) (listing the convictions which render a prisoner ineligible to apply time credits). Because Petitioner is ineligible to apply time credits under the plain language of the FSA, he does not have an expectancy of release, and therefore, he has no liberty interest in applying FSA time credits to shorten his sentence. *See Hassan*, 2026 WL 74508, at *2 (because "the FSA explicitly excludes prisoners convicted under 18 U.S.C. § 2251 from earning time credits[,]" it "did not create a liberty interest in time credits for" petitioner (citations omitted)); *Sedlacek*, 2025 WL 948485, at *1 (because FSA earned-time credits are conditional, they do not create a liberty interest (citations omitted)); *Darragh v. Warden*, No. 5:25-CV-216-SPC-PRL, 2025 WL 3211075, at *2 (M.D. Fla. Nov. 18, 2025) ("there is no protected liberty interest in FSA time credits[]" (citing *Gant v. King*,

No. 23-cv-1766, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023); *Fontanez v. Rardin*, No. 2:23-cv-12415, 2024 WL 1776338, at *3 (E.D. Mich. Apr. 24, 2024))); *Davis v. Warden, FCC Coleman - Camp*, No. 5:24-CV-542-JLB-PRL, 2025 WL 2930276, at *3 (M.D. Fla. Oct. 15, 2025) (a petitioner whose conviction rendered him ineligible to apply FSA time credits had "no liberty interest in FSA credits[]"); *Beckford v. Warden, FCI Atlanta*, No. 1:24-CV-5668-VMC-JKL, 2025 WL 4739999, at *4 (N.D. Ga. June 6, 2025), *report and recommendation adopted*, 2025 WL 4740044 (N.D. Ga. Sept. 19, 2025) ("Petitioner has no liberty interest in Time Credits or release to an RRC."); *Torres v. Jenkins*, No. 1:23-CV-2885-VMC, 2024 WL 6473642, at *4 (N.D. Ga. May 1, 2024) ("courts considering the issue have uniformly held that federal inmates do not have a liberty interest in receiving credits under the FSA" (collecting cases)). Therefore, Petitioner's due process right was not violated.

Accordingly, this case is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to enter judgment accordingly and to close this case. Petitioner is **DENIED** a certificate of appealability because he does not show that reasonable jurists would debate the claim's merit or the procedural issue he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ORDERED** in Orlando, Florida, on October 22, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party